# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:21CR869 |
| | : | |
| Plaintiff, | : | JUDGE SOLOMON OLIVER, JR. |
| | : | |
| -vs- | : | MAGISTRATE JUDGE |
| | : | THOMAS M. PARKER |
| CHELSEA PERKINS, | : | |
| | : | **DEFENDANT'S SUPPLEMENT** |
| | : | **IN SUPPORT OF BOND** |
| Defendant. | : | |

After the February 1, 2022, detention hearing, this Court held its decision in abeyance to provide undersigned counsel enough time to contact Ms. Perkins' family members who reside within the District. The Court gave the defense until February 15, 2022, to supplement the record. Doc. 18, *Det. Hrg. Trans.* PageID 143. Undersigned has contacted Ms. Perkins' local family members who indicated they are willing to open their home to Ms. Perkins during the pendency of this case. Counsel now respectfully submits this supplement.

This Honorable Court should release Ms. Perkins on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142; *United States v. Salerno*, 481 U.S. 739 (1987). Ms. Perkins has rebutted the presumption of detention with evidence that she does not present a danger to the community, and that she is not a risk of flight. Ms. Perkins' history and personal characteristics likewise mitigate in favor of pretrial release. In addition, Ms. Perkins has at least two options in terms of third-party custodians willing to take her into their home, including her husband, an active duty servicemember, and family members located in the Northern District of Ohio. In support, Ms. Perkins states as follows:

1

## I. Ms. Perkins Should Be Released on Bond with Conditions. Liberty is the Norm, not Detention.

It is correct to say that, in this case, the statute creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of [Ms. Perkins] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(3). However, release is warranted here because there are numerous facts under 18 U.S.C. § 3142(g) that rebut the presumption of detention and demonstrate there *are* conditions of release sufficient to reasonably assure both Ms. Perkins' appearance in court, and the safety of the community.

"In our society liberty is the norm and detention prior to trial…is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739 at 755 (1987). In other words, release is the default position, not detention. The Bail Reform Act ("BRA") makes this clear when it directs that Courts "shall order" pretrial release except in certain narrow circumstances. 18 U.S.C. § 3142(b). Even if a Court determines that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions" that will "reasonably assure" the defendant's appearance in court and the safety of the community. *Id*. at § 3142(c)(1). Under this statutory scheme "[t]he default position of the law…is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *see also United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) ("it is only a 'limited group of offenders' who should be detained pending trial.") (quoting S. Rep. No. 98-225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); and *United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

**II. The Presumption of Detention Can Be Easily Rebutted. Once Rebutted, a Presumption May Only Be Considered Alongside All of the Evidence That Weighs in Favor of Release. In Weighing the Evidence Here, Ms. Perkins Should Be Released on Bond with Conditions.**

In this Circuit it is abundantly clear that very little is required for a defendant to rebut the presumption of detention—a defendant's burden is "not heavy", and she must only introduce "some evidence" to rebut the presumption. *Stone*, 608 F.3d at 945 (stating that a defendant's burden of production is not heavy). Once rebutted, the presumption remains a factor for consideration; but only alongside and weighed against every other factor that militates in favor of release. "Regardless of whether the presumption applies, the government's ultimate burden is to prove that no condition of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946. The defendant, for her part, must present information excluding her from the "congressional paradigm." *Id*. (citing to *United States v. Jessup*, 757 F.2d 378, 387 (1st Cir. 1985)). The government satisfied its initial burden with the indictment. *Id*. at 945 (stating that the government fulfills is burden to establish the presumption by presenting the indictment). But this is not enough. Once the defendant produces evidence to rebut the presumption the government yet retains the burden of persuasion. *Id*. (citing to *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) and *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985)). Here Ms. Perkins has "…satisfie[d] [her] burden of production when [s]he '[came] forward with evidence that [s]he does not pose a danger to the community or a risk of flight.'" *Stone*, 608 F.3d at 945. In fact, it was the Court who developed this evidence most persuasively.

As this Court made clear in questioning the United States at the detention hearing, authorities had probable cause to believe Ms. Perkins was involved in the charged offenses when they searched her home in late March 2021. Doc. 18, *Det. Hrg. Trans.* PageID 140. They placed

3

Ms. Perkins in temporary custody while seizing clothing, electronic devices, and weapons from her home. *Id*. Yet following the search they released her and made no further attempts to arrest her until December of 2021. During this period Ms. Perkins was obviously aware she was under investigation for a crime. Yet she never fled, and the government has failed to produce any evidence she manifested a threat to any person, or to the community. The only thing that has changed since they searched her home is her arrest. Nothing more. Ms. Perkins has therefore satisfied her burden to rebut the presumption of dangerousness, and now the United States must meet their burden of persuasion and show that "…no conditions of release can assure that [Ms. Perkins] will appear and to assure the safety of the community." *Stone*, 607 F.3d at 946. The facts do not support such a conclusion. Because the government cannot meet its burden, this Court should release her on bond with conditions.

### a. The Nature and Circumstances of the Offense.

Just as in *Stone*, "the charges in this case are undeniably serious." *Stone*, 608 F.3d at 947. But unlike the defendants in *Stone*, Ms. Perkins has manifested no threats to any person or group of people, nor does she present a danger to the community at large. Neither is she a risk of flight. The government has had access to, and no doubt has intercepted messages, information, and data from, her social media accounts, email accounts, phones, and internet activity, but they have not produced any evidence to substantiate the bald assertions she is a risk of flight and a danger to the community. In seeking detention, the government relies entirely on the allegations in the indictment. This may satisfy their burden to establish a presumption of detention, but once rebutted it does not satisfy their burden of persuasion. This factor therefore mitigates in favor of release with conditions.

4

### b. The Weight of the Evidence.

When the government pressed the issue of dangerousness this Court inquired of the government about the steps taken after the initial search of Ms. Perkins' home in March of 2021 to "protect the community from this contended danger?" Doc. 18, *Det. Hrg. Trans.* PageID 141. The government's response was nonresponsive—that the matter was at that time still under investigation, and more evidence has since come to light leading to her arrest in December. In doing so the government seemed to argue the weight of the evidence against Ms. Perkins as to guilt. But that is not what the term "weight of the evidence" means in the BRA.

As the Sixth Circuit has made clear, "[t]his factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Id*. at 948. And as previously noted, there simply is no evidence of dangerousness other than the bare assertions made in the indictment—assertions to which Ms. Perkins has pled not guilty, and of which she yet retains the presumption of innocence. And while the bare assertions in the incitement may be sufficient for the government to meet their burden to satisfy the presumption of detention, once rebutted they need something more to meet their burden of persuasion. As they cannot do so, this factor, too, mitigates in favor of release with conditions.

### c. The History and Characteristics of Ms. Perkins.

Ms. Perkins is a 31-year-old wife and mother of two young children ages 7 and 9. Her husband, an active-duty service member in the United States Coast Guard, is presently stationed in Florida for training, but will shortly be returning to his home station in Northern Virginia. Ms. Perkins herself is a former servicemember, having voluntarily raised her right hand and taken an oath to support and defend the Constitution against all enemies, foreign and domestic. While her

5

time in the Coast Guard was brief, the fact that she volunteered for duty during these troubled times speaks to her character.

Her criminal history is uninformative. Not only is it stale—one incident being 14 years old—but is also unhelpful to the Court. The first incident, a dispute with her mother, was stricken off her record; the second, a dispute with her husband, was deferred. Ms. Perkins has no criminal history to speak of; there are no substantiated safety concerns for the community; and there are no indications of any danger to any specific individuals. Generalized danger as reflected by the indictment is not enough.

Ms. Perkins additionally suffers from ADHD. But while she is in custody, she is unable to take medication for this condition. That she is denied her medication unnecessarily complicates communication and interferes with the attorney-client relationship. Once released, she will be able to take her medication and will be in a much better position to communicate and consult with counsel.

Undersigned counsel has confirmed that Ms. Perkins has at least two options in terms of third-party custodians. The fact that her husband, an active duty servicemember, would welcome her back into his home even under this cloud speaks volumes not just to her characteristics, but also to her character. But admittedly this option would take Ms. Perkins out of district and would require supervision by another district. To address any concerns this Court or the government may have with such an arrangement, counsel for Ms. Perkins has contacted relatives in this district,

albeit in the Western Division, who are likewise willing to take custody of her during the pendency of this matter.[1]

Nothing in Ms. Perkins' history or her characteristics weigh in favor of dangerousness. In fact, they point to the contrary. Ms. Perkins has been aware of a federal investigation in her case for at least eight months, yet never fled, never manifested a threat, and never presented any danger to the community. Her history and characteristics mitigate in favor of release with conditions.

### III. Conclusion

While the Government may have met its burden to satisfy the presumption of detention, it simply cannot meet its burden of persuasion. The only change between the search of her home in March of 2021 and the present is that she has been arrested. She is not a risk of flight. The weight of the evidence in terms of dangerousness is low. She has two options for third party custodians, and her history and characteristics weigh in favor of release with conditions. For these reasons, Ms. Perkins respectfully requests the Court release her from custody and place her under such conditions of supervision as this Court may deem necessary during the pendency of this matter.

Respectfully submitted,

*/s/ Stephen C. Newman*
STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: stephen_newman@fd.org

---

[1] Counsel for Ms. Perkins has provided Pretrial Services with names, addresses, and other relevant details for these relatives. We specifically excluded their name from this document in the interest of privacy. Should the Court wish, Counsel will provide these details to the Court directly or in a supplemental sealed filing.