UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:21 CR 869 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| CHELSEA PERKINS, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case is Defendant Chelsea Perkins

("Defendant" or "Perkins") Sealed Motion to Revoke her Detention Order ("Motion") (ECF No. 83),

pursuant to 18 U.S.C. § 3145(b). For the following reasons, the court denies Defendant's Motion

(ECF No. 83).

## I. BACKGROUND

On December 8, 2021, Magistrate Judge David A. Ruiz signed a Criminal Complaint (ECF

No. 1), charging Defendant with Murder in violation of 18 U.S.C. § 1111(a). Defendant was arrested

the following day on December 9, 2021. On December 16, 2021, Defendant was indicted on the

following three charges: (1) Murder in the First Degree under 18 U.S.C. §§ 7(3) and 1111(a) and (b);

(2) Murder in the Second Degree under 18 U.S.C. §§ 7(3) and 1111(a) and (b); and (3) Using or

Carrying and Discharging a Firearm During and in Relation to a Crime of Violence in violation of

18 U.S.C. § 924(c)(1)(A)(iii). (Indictment, ECF No. 4.) Thereafter, Magistrate Judge Thomas Parker

held a detention hearing and ordered that Defendant be detained pending trial. (Order, ECF No. 27.) Magistrate Judge Parker found that the case presented a rebuttable presumption under 18 U.S.C. § 3142(e)(3) because no condition or combination of conditions would reasonably assure Defendant's appearance as required and the safety of the community because probable cause exists to believe Defendant committed an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b. (Order at PageID #176, ECF No. 27.) Further, Magistrate Judge Parker concluded that Defendant had not introduced sufficient evidence to rebut that presumption. (*Id.*) In relevant part, Magistrate Judge Parker found the following factors weighed in favor of Defendant's detention: (1) the weight of evidence against Defendant is strong; (2) Defendant is subject to a lengthy period of incarceration if convicted; (3) Defendant's prior criminal history; (4) Defendant's history of violence or use of weapons; and (5) Defendant's lack of significant community or family ties to the district. (*Id.*)

Defendant filed her Motion (ECF No. 83) on January 3, 2023. The Government submitted its Sealed Response in Opposition (ECF No. 87) to Defendant's Motion on January 13, 2023. Defendant filed her Sealed Reply (ECF No. 88) on January 19, 2023.

## II. LEGAL STANDARD

A federal district court reviews a magistrate judge's pretrial detention order "de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Amir*, No. 1:10-CR-439, 2011 WL 2711350, at *3 (N.D. Ohio July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). This means that "the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F.Supp.2d 1125, 1129 (S.D. Ohio 2000). A court may rely on the evidence and offers of proof presented at the original detention hearing before the magistrate

judge, as well as additional evidence and offers of proof at its discretion. *United States v. Zapien*, No. 3:14-CR-37, 2014 WL 1028435, at *2 (M.D. Tenn. Mar. 17, 2014).

Certain offenses carry a rebuttable presumption of detention, meaning the court presumes the defendant is a flight risk and a danger to the community. *See* 18 U.S.C. §§ 3142(e)(2)–(3). To avoid detention, a defendant facing these charges must present sufficient evidence to rebut the presumption. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). But even if the defendant rebuts the presumption, 18 U.S.C. § 3142(e) requires detention if the court finds by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community, or if a preponderance of the evidence shows that no conditions will reasonably assure the defendant's appearance at future proceedings. To determine whether conditions of release exist that will reasonably assure the defendant's presence at trial and the community's safety, district courts consider: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including their character, mental and physical condition, family and community ties, employment status, financial resources, criminal history, substance-abuse history, and probation or supervised release status; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release. 18 U.S.C. § 3142(g).

### III. LAW AND ANALYSIS

Defendant moves to revoke her Detention Order (ECF No. 27), arguing that she has rebutted the presumption against her detention because she has set forth evidence—including her family ties, community ties, lack of significant criminal history, and continued court appearances—proving that the court can impose a condition or combination of conditions on her that will reasonably assure her

-3-

appearance and the safety of the community. Defendant advances four primary arguments. First, Defendant maintains that the court should view the statutory presumption of detention with caution because it leads to higher rates of detention for low-risk defendants. (SEALED Mot. at #1, ECF No. 83.) She cites to various statistics and studies to demonstrate that defendants released on bond rarely flee, thus demonstrating her likelihood of appearance before the court. (*Id.* at #1–4.) Specifically, Defendant states that, "[t]he bond statistics for this district likewise strongly suggest that [Defendant] should be released. In this district, released pretrial defendants failed to appear for court only 2.8% of the time in 2019, and less than 1% of defendants were rearrested after release." (*Id.* at #16.) Additionally, Defendant argues for her release because pretrial detention comes with significant and wide-ranging social and economic costs —notably, a defendant's potential loss of employment, housing, and community ties, and federal costs associated with a defendant's detention—that could be effectively mitigated if she was released pending trial. (*Id.* at #4–6.)

Second, Defendant maintains that she has rebutted the presumption against her release because she has presented evidence of her family ties, limited criminal history, and no history of failing to appear to court. (*Id.* at #6–10.) Further, Defendant contends that her failure to flee or commit any offense, while being under investigation for nine months prior to her arrest, belies any argument that she is a danger to the community or presents a risk of flight. (*Id.* at #12.) Specifically, she states that:

> [l]aw enforcement delayed arresting [her] for *nine months*—until December of 2021—this is *nine months* during which this "dangerous" pretrial defendant had access to firearms, knew she was under suspicion for a serious offense involving a firearm, and during which she had *no* interaction with *any* law enforcement officials whatsoever. The decision to wait to [sic] nine months to arrest [Defendant] belies any argument she is a danger to the community .

-4-

> . . The delay in [Defendant's] arrest also undermines any argument she
> is a risk of flight . . . The government's decision to leave [Defendant]
> free in the community for *nine months* after searching her residence,
> along with their knowledge that she continued to have access to
> firearms in that home, is more than ample evidence to rebut the
> presumption of detention based on dangerousness or flight.

(*Id.* at #12-13.) Third, Defendant argues that she must be released because there are conditions that

will reasonably assure her appearance and community safety. She proposes that, "[she] may be

placed on home detention, electronically monitored, and be required to report regularly to a pretrial

services officer," and that the firearms in her home be relocated so that she does not have access to

them. (*Id.* at #14.)

Fourth, Defendant contends that two additional factors weigh in favor of her release pending

trial, her: (1) health concerns; and (2) inability to assist in preparing her defense while incarcerated.

(*Id.* at #16–17.) With respect to her health, Defendant explains that she has recently experienced pain

in her breasts. (*Id.* at #16.) Despite a recent mamogram that detected no abnormalities, Defendant

remains concerned and would prefer medical care via her physician and the VA healthcare system,

for which she qualifies. (*Id.*) Next, Defendant argues that her incarceration has hindered her ability

to assist her counsel in adequately preparing her defense given the voluminous amount of discovery

in this case. (*Id.* at #17.) Therefore, she posits that if released, she would be able to better prepare

her defense. (*Id.*)

The Government argues that Defendant has not met the necessary requirements to reopen

detention proceedings under 18 U.S.C. § 3142(f)(2) because Defendant's Motion does not provide

any new information that has a "material bearing" on the issues decided in Magistrate Judge Parker's

Detention Order. (Opp'n at #1, ECF No. 87.) The Government maintains that Defendant's medical

concerns and difficulty in preparing her defense are not material to the pertinent factors of her flight risk or danger her release would pose to the community if released, which Magistrate Judge Parker found dispositive in ordering her detained pending trial. (*Id.* at #3.) Additionally, the Government argues that Defendant does not present any new information material to the court's analysis because Magistrate Judge Parker already considered Defendant's argument—with respect to her limited prior criminal history, family ties, and the fact that she did not flee during the duration of the investigation—and determined that she should be detained pending trial. (*Id.*) Therefore, Magistrate Judge Parker's determination should be given deference. (*Id.*)

Next, the Government maintains that the high costs of a defendant's incarceration and related socioeconomic considerations, that Defendant cites to support her position, do not alter the presumption of detention in this case. (*Id.*) While the Government acknowledges the default position, that a defendant should be released pending trial, the Government maintains that the law provides that default be modified for certain particularly dangerous crimes, such as the one Defendant has allegedly committed. (*Id.* at #7.) It states that, "[i]n this case, the United States has shown that Defendant is dangerous. During the detention hearing, it presented testimony and exhibits that show Defendant purposely discharged a firearm during a crime of violence . . . That not only is a crime listed in § 3142(e)(3), but Defendant's action resulted in a person's death." (*Id.* at #7.) As such, the Government argues that Defendant bears the burden of rebutting the presumption against her detention, which she has failed to do. (*Id.* at #8.) Finally, the Government contends that even if Defendant has carried her burden, the court should still deny her motion and order her detained given the nature of her alleged offense and strong evidence presented at her detention hearing. (*Id.* at #10.)

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial

officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(b). Therefore, the default position of the law is that a defendant should be released pending trial. *Stone*, 608 F.3d at 945. However, that presumption is modified for certain particularly dangerous defendants. *Id.* Specifically, when a "judicial officer finds that there is probable cause to believe" that a defendant committed one of the enumerated crimes in 18 U.S.C. § 3142(e)(3), a presumption exists in favor of detention. *Id.*; 18 U.S.C. § 3142(e)(3) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person [committed an offense outlined in the proceeding section]").

Where, as here, where there is probable cause to believe Defendant committed an offense under 18 U.S.C. § 924(c), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the defendant's appearance and safety of the community. 18 U.S.C. § 3142(e)(3)(B); *United States v. Hazime*, 762 F.2d 34, 36–37 (6th Cir. 1985) (holding that a grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged). Accordingly, to rebut this presumption, Defendant must produce some "evidence that [she] does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). This is not a heavy burden. *Id.*; *see also United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991) ("[A] defendant must

introduce some evidence contrary to the presumed fact in order to rebut the presumption.").

Yet, "[e]ven when a defendant satisfies [her] burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (quoting *Mercedes*, 254 F.3d at 436). District courts consider the following factors when determining whether the United States has carried its burden of persuasion: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that the defendant's release would pose. 18 U.S.C. § 3142(g)(1)–(4). The United States retains the burden of persuasion of proving "that no conditions of release can assure the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d 946 (citing *Mercedes*, 254 F.3d at 436). In meeting this burden, the Government may proceed by proffer or hearsay. *Id.* at 948–49; *United States v. Webb*, 238 F.3d 426 (6th Cir. 2000). Consideration of these factors does not modify Defendant's presumption of innocence. *Id.* With respect to risk of flight, the United States must carry its burden by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). As to dangerousness, the United States must present clear and convincing evidence to prevail. *Stone*, 608 F.3d at 946. Clear and convincing evidence requires a firm belief or abiding conviction that what is alleged is especially probable. *United States v. Beard*, 528 F.Supp.3d 764 (N.D. Ohio 2021); *Kelley v. Apria Healthcare, LLC*, 232 F. Supp. 3d 983, 1003 (E.D. Tenn. 2017); *Automotive Techs. Int'l v. Delphi Corp.*, 776 F. Supp. 2d 469, 477 (E.D. Mich. 2011).

As noted above, this case presents a rebuttable presumption because there is probable cause to believe Defendant committed an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b. 18 U.S.C.

§ 3142(e)(3); *Hazime*, 762 F.2d at 37. Therefore, the burden of production shifts to Defendant to "come forward with evidence that [she] does not pose a danger to the community or a risk of flight." *Mercedes*, 254 F.3d at 436. Defendant has produced some evidence tending to demonstrate that she does not present a risk of flight or danger to the community. Notably, Defendant has immediate family in Northern Virginia, where she seeks to be released, a limited criminal history, no history of failure to appear for court appearances, and did not flee during the nine months she was under investigation. (SEALED Mot. at #10–12, ECF No. 83.) However, Magistrate Judge Parker previously considered these factors and concluded that Defendant had not rebutted the presumption against her detention. (Order, ECF No. 27.) Magistrate Judge Parker concluded that:

> [t]he court finds that defendant has not rebutted the presumption for detention. Defendant's only rebuttal evidence was the fact that she was a suspect for a number of months before being charged and yet committed no new crimes and did not flee. The defendant argued that her spouse's willingness to allow her to return to the home to reside rebuts the presumption of dangerousness. Respectfully, the court finds that neither of these points addresses whether bond conditions can reasonably assure the safety of any other person or the community and reasonably assure the appearance of the defendant. The court notes that defendant proffered the availability of a family member with whom defendant could stay during the pendency of this case. Following investigation by pretrial services, however, that family declined to permit defendant [to] reside with them. The pretrial services investigation of this point indicates that the family was initially willing to permit defendant to reside with them until the family was apprised of the nature of the charges filed against defendant. Upon learning of the charges, the family withdrew its willingness to permit defendant to reside with them.

(*Id.* at PageID #177.) Upon review, the court finds that Defendant has not rebutted the presumption against her release because her proffered evidence does not tend to demonstrate that she does not present a risk of flight or pose a danger to the community. Further, the court finds Magistrate Judge

-9-

Parker's decision well-reasoned and persuasive. While Defendant's burden of production "is not heavy," she must introduce at least some evidence that "[she] does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (citing *Mercedes*, 254 F.3d at 436). Here, Defendant's proffered evidence does not do so.

However, assuming *arguendo*, that Defendant has rebutted her presumption, the court finds that the Government has met its burden of persuasion of proving that "no conditions of release can assure the defendant will appear and to assure the safety of the community." *Id.* The court weighs the factors in 18 U.S.C. 3142(g) to determine whether the Government has met its burden of persuasion. To merit an order of detention, the Government must prove either that: (1) by a preponderance of the evidence Defendant poses a risk of flight; or (2) by clear and convincing evidence Defendant poses a risk to the safety or others and the community. *Beard*, 528 F.Supp.3d at 773. Here, the record does not support a finding that Defendant poses a risk of flight, given her familial ties and lack of flight while under federal investigation. Therefore, "the inquiry turns on whether, by clear and convincing evidence, the record establishes that there are conditions of release that will assure the safety of the community." *Id.*

First, Section 3142(g)(1) asks the court to consider, "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). There is no dispute that Defendant's alleged offenses are violent. *See* (Indictment, ECF No. 4.) Specifically, the Government highlights  the nature of Defendant's crimes, stating that: "[t]he evidence in this case establishes that Defendant planned a murder, traveled across multiple states to carry it out, lured a victim into the woods, executed him

-10-

with a close-range gunshot to the back of the head, and then took steps to conceal her crime." (Opp'n at #8, ECF No. 87.) Therefore, this factor weighs in favor of Defendant's detention. Second, Section 3142(g)(2) asks the court to consider the weight of the evidence against the person. 18 U.S.C. § 3142(g)(2). At the detention hearing, the Government introduced the testimony of FBI Special Agent Gregory Craig and a series of fourteen exhibits detailing the nature and circumstances of the charged offenses. (SEALED Opp'n at #3, ECF No. 87.) The Government also included evidence of premeditation by Defendant before she allegedly murdered the victim. (*Id.*) Upon the conclusion of the evidence, Magistrate Judge Parker concluded that the weight of evidence against Defendant was strong. (Order, ECF No. 27.) Additionally, the court finds that the evidence, relative to Defendant's offenses, is strong at this stage given the Government's allegations and proffered evidence. Accordingly, this factor weighs in favor of Defendant's detention.

Third, Section 3142(g)(3) instructs the court to consider "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Additionally, whether Defendant was on probation or parole at the time of the alleged offense. *Id.* at § 3142(g)(3)(B). Defendant has set forth sufficient evidence to demonstrate that she has familial ties, a limited criminal history, and no record of failure to appear for court proceedings. With respect to her limited criminal history, Defendant notes that at 18 years old she was cited for criminal damaging related to breaking a window in her mother's home and that in 2017, she was charged with assaulting her husband, which was later dismissed. (Mot. at #10–11, ECF No. 83.) The Government does not dispute these factors. *See* (SEALED Opp'n at #10, ECF No. 87) ("The Government does not dispute

that Defendant is married with two children who reside in Virginia or that her prior criminal history is limited."). Additionally, the record does not indicate that Defendant was on probation or parole at the time of her alleged offense. Therefore, the court determines that this factor weighs in favor of Defendant's release. Fourth, Section 3142(g)(4) instructs the court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Considering the record as a whole, the court finds it likely that Defendant's release would pose a danger to the community, given the nature and seriousness of her alleged offenses. Although Defendant enjoys a presumption of innocence, the evidence, along with the Government's allegations and probable cause to believe Defendant committed the crimes with which she is charged, present particularly serious and violent crimes that indicate to some degree that Defendant's release would pose a danger to the community. Therefore, this factor weighs in favor of Defendant's detention. Accordingly, the court finds that the Government has carried its burden of persuasion of proving that no conditions of release will assure the safety of the community. *Stone*, 608 F.3d at 945.

The court briefly addresses Defendant's other areas of concern: her health and ability to adequately prepare her defense. While the court is sensitive to Defendant's health concerns, the record demonstrates that Defendant has received healthcare, specifically for her concerns, while incarcerated. Additionally, the court is mindful of the challenges facing Defendant's ability to prepare her case with counsel, given the case's extensive discovery. However, the challenges she faces do not outweigh or negate the danger her release would present the community.

Therefore, based on the record, the presumption in favor of detention and the fact that the Government has satisfied its burden of persuasion, the court determines by clear and convincing

-12-

evidence that no condition or combination of conditions will reasonably assure the safety of the community. Thus, the court orders the detention of Defendant pending trial.

## IV.  CONCLUSION

For the foregoing reasons, the court denies Defendant's Motion to Revoke her Detention (ECF No. 83).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 19, 2023

-13-