IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:21CR869 |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| CHELSEA PERKINS, | : | **DEFENDANT'S NOTICE UNDER** |
| | : | **FED. R. CRIM. P. 12.2** |
| Defendant. | : | |

Chelsea Perkins, through undersigned counsel, hereby gives notice, pursuant to FED. R. CRIM. P. 12.2(b) of her intent to offer expert evidence relating to her mental condition at the time of the alleged offense. Rule 12.2(b) requires notice if the defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition bearing on the issue guilt. FED. R. CRIM. P. 12.2(b). The primary purpose of this rule is to give the government adequate time to prepare to rebut such defenses, which typically will require expert testimony. [24 Moore's Federal Practice, Criminal Procedure § 612.2App.01 (2024)](#); [1 Federal Criminal Trials § 9-4 (2024)](#). If the defense does not intend to introduce such evidence, there is no requirement under rule 12.2 to provide notice. FED. R. CRIM. P. 12.2; [24 Moore's Federal Practice, Criminal Procedure § 612.2.05 (2024)](#).

Counsel for Chelsea Perkins does not believe this rule applies because she is not directly raising her mental condition as bearing on the issue of guilt. (*See* R. 99: Expert Notice – explaining the expert testimony relates to how persons with her type of disorder present in terms of affect, demeanor and conduct). However, counsel files this notice out of an abundance of caution because Chelsea's mental condition may be relevant to her claim of self-defense.

Chelsea has filed a notice of an intent to raise a claim of self-defense, which requires that she "present adequate evidence that a reasonable person, under the same circumstances and with [Chelsea's] same subjective beliefs and faculties, would have believed that [s]he was in imminent danger and that deadly force was necessary." *State v. Palmer*, 2024-Ohio-539, ¶ 25, *reconsideration denied*, 2024-Ohio-1386, 173 Ohio St.3d 1459.  This subjective assessment includes consideration of Chelsea's "particular characteristics, knowledge, or lack of knowledge, circumstances, history, and conditions at the time of the attack," *State v. Thomas,* 77 Ohio St.3d 323, 330 (1997), to determine whether she "*reasonably* believed she was in imminent danger," *id.* (emphasis added in *Thomas*) (cited with approval by *Palmer*, 2024-Ohio-539, at ¶ 25).  Because self-defense involves consideration of Chelsea's particular characteristics, her mental condition may have a bearing on the issue of guilt.  FED. R. CRIM. P. 12.2(b).

Chelsea files this notice in conjunction with the expert notice for Dr. Ashlee Zito, PhD., and Forensic Psychologist. (R. 99).  Dr. Zito's evaluation and report is incorporated herein.

        Respectfully submitted,

        /s/ *Stephen C. Newman*
        STEPHEN C. NEWMAN
        Federal Public Defender
        Ohio Bar: 0051928

        /s/ CATHERINE ADINARO SHUSKY
        CATHERINE ADINARO SHUSKY
        Attorney at Law
        Ohio Bar: 0088731
        1660 West Second Street, Suite 750
        Cleveland, Ohio 44113
        (216) 522-4856 Fax: (216) 522-4321

        /s/ *Alvaro L. DeCola*
        ALVARO L. DeCOLA

Assistant Federal Public Defender
Ohio Bar: 0087656
50 S. Main Street, Ste. 700
Akron, OH 44308
Phone 330-375-5739 Fax: 330-375-5738
E-mail: stephen_newman@fd.org
E-mail: cathi_shusky@fd.org
E-mail: alvaro_decola@fd.org