IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE 1:21CR869 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| | : | |
| CHELSEA PERKINS, | : | **DEFENDANT'S RESPONSE IN** |
| | : | **OPPOSITION TO UNITED STATES'** |
| Defendant. | : | **MOTION TO CONTINUE** |
| | : | **EXPERT REPORT DEADLINE** |
| | : | **AND TRIAL DATES** |

Defendant Chelsea Perkins, through counsel, opposes the Motion by the United States to continue the currently scheduled expert report deadline and trial dates (R. 136, *Govt Motion to Continue*, PageID 788). Their motion should be denied for two reasons. First, the prosecution has had more than ample time to identify, contract with, and produce reports from, a forensic psychologist. Their failure to do so in the timeframe previously agreed to by the parties is not justifiable. Second, the government provides no justifiable basis for a neuropsychological evaluation. The prosecution does not seek more time to contract with and produce a report from a *forensic* psychologist. Instead, they seek to have Ms. Perkins examined by a *neuro*psychologist. Neuropsychology and forensic psychology are distinct fields of practice. The defense has not produced a report from a neuropsychologist and Dr. Zito has informed the defense that there is no basis for a neurological exam. As such, any attempt by the prosecution to have Ms. Perkins examined by a neuropsychologist is outside the scope of the report produced by the Defense, is a thinly veiled attempt to engage in a fishing expedition, and should be denied.

a. **Legal Standard and Burden of Proof**.

In reaching a decision on a prosecution motion to continue the Court will typically consider whether such a continuance would prejudice the defendant or impact the fair administration of justice. 18 U.S.C. § 3161. The denial of a motion to continue is only an abuse of discretion when a district court engages in "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. Sprague*, No. 2:06-CR-19, 2015 U.S. Dist. LEXIS 17252, at *27 (E.D. Tenn. Feb. 12, 2015)(citing *Morris v. Slappy*, 461 U.S. 1 at 11-12). And while the Speedy Trial Act contemplates exclusion of time "…resulting from any proceeding … to determine the mental competency … of the defendant" it also precludes approval of a government continuance based on a "…failure to obtain available witnesses…" for that purpose. *Compare* 18 U.S.C. 3161(h)(1)(A) *with* 18 U.S.C. § 3161(h) (7)(C).

b. **Argument**.

The present request by the United States is not "a justifiable request for delay." The government appears to be blaming the defense for disclosing its experts too close to the September trial date. Yet, the November 30, 2024, deadline was selected by the government after the defense's disclosure of its forensic psychologist. The defense filed its Rule 12.2 notice and Dr. Zito's report on July 29, 2024, two weeks before the final pretrial hearing. (R. 99, *Notice of Expert Pursuant to Fed. R. Evid 702*, PageID 430; R. 101, *Defendant's Notice Under Fed. R. Crim. P. 12.2*, PageID 444). At the pretrial hearing, the government informed the Court that they had been working on identifying an expert to review Dr. Zito's report and wanted a continuance of the trial to obtain its own psychological evaluation. The defense did not object. The Court explicitly asked the government for a realistic deadline for completing the forensic evaluation and report so that it did not have to move the trial dates again. The government was confident that it could have a

2

report completed by November 30, 2024, and this Court set deadlines accordingly. (See R. 111: *Amended Order*, PageID 553). The government now seeks to extend that deadline and inexplicably places blame on the defense.

The government identified a forensic psychiatrist, Dr. Gregory Saathoff, on August 23, 2024, and entered a contract with him on September 16, 2024. This Court granted their unopposed motion for Dr. Saathoff to conduct his exam on October 22, 2024. Now, just ten days before their disclosure deadline, no evaluation has taken place. The government has had more than ample time to conduct their exam and produced a report.

Certainly, the prosecution would not have selected and contracted with an expert who is unavailable. And there seems to have been ample time for Dr. Saathoff to conduct his examination, either in person or remotely. Rather, this is a matter of the prosecution's failure to obtain an expert report from an available witness. This shows a clear lack of diligence on their part. The prosecution's failure to have Dr. Saathoff conduct an examination pursuant to this Court's order of October 22, 2024, should not be held against Ms. Perkins. It does not constitute a justifiable request for delay sufficient to outweigh Ms. Ms. Perkins' right to a speedy trial and to exclude this time. As such, their motion should be denied.

Furthermore, granting their motion in the manner presented would adversely impact the fair administration of justice. The prosecution's motion is not just a request for time. It represents an attempt to use a neuropsychological exam to elicit some unknown and unspecified information in the hope that something relevant might be found. This is the definition of a fishing expedition— the "exploration of the possibility of the existence of an issue." *United States v. Raheja*, No. 1:19-cr-559, 2021 U.S. Dist. LEXIS 23541, at *10 (N.D. Ohio Feb. 8, 2021). The government has provided no basis for seeking a neuropsychologist examination. According to Dr. Zito, a

3

neuropsychologist may be appropriate if there were evidence of head trauma, traumatic brain injury, Alzheimer's, or low IQ. But as is clear from Dr. Zito's report, there is no such evidence in this case. A neuropsychological examination is therefore not warranted based on Dr. Zito's diagnoses.

Neuropsychology is a distinctly different field of practice from that of forensic psychology, which is the substance of both Ms. Perkins' notice of expert testimony for Dr. Zito (*see* R. 99, *Notice of Expert Pursuant to Fed. R. Evid 702*, PageID 430), and notice of intent to offer expert evidence relating to a mental health condition (*see* R. 101, *Defendant's Notice Under Fed. R. Crim. P. 12.2*, PageID 444). It bears noting that after contracting with a forensic psychiatrist in September of 2024, the prosecution subsequently contracted with a neuropsychologist in October of 2024. But this fact was not disclosed to the defense until last week via email and was only disclosed to the Court in the underlying motion. Notably, the government's motion for a court ordered exam under Rule 12.2 makes no mention of a request for a neuropsychological exam, despite the fact their 12.2 motion postdates the government's contract with their neuropsychologist, Dr. David Bender.

The defense has not contracted with, nor have we received a report from, a neuropsychologist. Dr. Zito did not rely on a neuropsychological exam or report in the preparation of her report. Any testing or evaluation conducted by a government expert in response to Dr. Zito's report must be limited to the testing and evaluation conducted by Dr. Zito. *See United States v. Taylor*, 320 F. Supp. 2d 790, 794 (N.D. Ind. 2004)(barring the government from introducing materials outside the scope of the defense mental health testing); *See also United States v. Williams,* 731 F. Supp. 2d 1012, 1020 (D. Haw. 2010)("To allow the Government experts to go beyond rebutting Defendant's expert testimony that he has [borderline intellectual functioning] and

4

affirmatively assert that Defendant suffers from psychosis or Anti-Social Personality Disorder and that either of those conditions actually caused him to commit the alleged acts, is tantamount to using Defendant's own statements, for which he has not waived his Fifth Amendment rights, against him in a criminal proceeding."); *and United States v. Con-Ui*, No. 3:13-CR-123, 2017 U.S. Dist. LEXIS 234122, at *3 (M.D. Pa. Mar. 6, 2017)("Under Rule 12.2, the government's rebuttal examination and presentation must be limited in scope based on the expert mental health evidence that the defense intends to introduce.").

While under these circumstances Rule 12.2 clearly permits the prosecution to conduct their own forensic psychological examination of Ms. Perkins, any examination conducted by the government must be limited in scope based on the report produced by Dr. Zito. The defense did not conduct neuropsychological testing. As such the government's request to conduct a neuropsychological exam for some unspecified purpose adversely impacts the fair administration of justice by exceeding the scope of discovery allowed by the procedural rules, and denies Ms. Perkins her Fifth and Sixth Amendment rights under the United States Constitution.

    **c. Conclusion**.

Denial of the government's underlying motion would not represent an abuse of discretion. The Court would be firmly on all fours in maintaining the previously agreed upon to trial milestones and deadlines. The prosecution has had ample opportunity to produce a report from their own witness. Nevertheless, the defense would be amenable to granting the prosecution reasonable delay to permit Dr. Saathoff, *and Dr. Saathoff alone*, to conduct his examination of Ms. Perkins while maintaining the present trial dates. But any request to conduct a neuropsychological exam of Ms. Perkins is untimely, exceeds the scope of Dr. Zito's report, and should be denied.

For the foregoing reasons the prosecution's request for more time to accommodate the neuropsychological exam should be denied.

Respectfully submitted,

/s/ *Stephen C. Newman*
STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928


/s/ CATHERINE ADINARO SHUSKY
CATHERINE ADINARO SHUSKY
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321


/s/ *Alvaro L. DeCola*
ALVARO L. DeCOLA
Assistant Federal Public Defender
Ohio Bar: 0087656
50 S. Main Street, Ste. 700
Akron, OH 44308
Phone 330-375-5739 Fax: 330-375-5738
E-mail: stephen_newman@fd.org
E-mail: cathi_shusky@fd.org
E-mail: alvaro_decola@fd.org