IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR869 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CHELSEA PERKINS, | ) | UNITED STATES' REPLY IN SUPPORT |
| | ) | OF MOTION TO CONTINUE EXPERT |
| Defendant. | ) | REPORT DEADLINE AND TRIAL DATE |

Now comes the United States of America, by and through counsel, Rebecca C. Lutzko, United States Attorney, and Scott Zarzycki, Margaret Kane, and Adam Joines, Assistant U. S. Attorneys, and replies in support of its Motion (R. 136) and to clarify issues raised in Defendant's Response in Opposition to United States' Motion to Continue Expert Report Deadline and Trial Dates. *See* R. 137: PageID 792–97. Defendant makes the argument that (1) the Government should have been faster in getting an expert, and (2) neuropsychology is outside the scope of responding to their forensic psychologist.

As to the first argument, the Government already detailed its efforts to—within the timeframe set by the court—identify its experts, discuss the case, retain them for their work, and provide all the materials necessary to review before rendering opinions. The Government filed the Motion not out of desire to delay, but because its experts need additional time to review the same material that took defense counsel and experts nearly two years to review. Defendant's forensic psychologist examined Ms. Perkins on September 18-19, 2023, but did not issue her report until 13 weeks later on December 22, 2023. That report was retained by Defendant without disclosure to the Government until July 30, 2024. The Government is not asking for as

much time as Defendant has had. Dr. David Bender, the Government's neuropsychologist, has provided January 8–9, 2025 as the dates he is available to examine Ms. Perkins. He stated he can complete his report within 4–6 weeks of his examination. Dr. Saathoff, the Government's forensic psychiatrist, can examine Ms. Perkins almost immediately following Dr. Bender, between January 11–13, 2025. He could also complete his report within 4–6 weeks of his examination.

Defendant also omits that she disclosed not just her forensic psychologist at the 11th hour, but also experts regarding biomechanics, firearms, and forensic pathology. *See* (R. 116, 117, 118: Notices of Expert Testimony (sealed)). The Government had to examine these reports in September 2024 to determine whether its previously-consulted experts could respond, or if additional experts were necessary. These late expert disclosures are especially problematic given how long Defendant has had the Government's reports from its discovery productions. These include Dr. Curtis Jones' trace evidence report (USAO-079434–40) produced May 12, 2022; Dr. Thomas Gilson's coroner's report (USAO-079441–49) produced May 12, 2022; Kylie Graham's DNA report (USAO-000301–04) produced March 8, 2022, and follow-up DNA report (USAO-071353–60 produced April 12, 2022; Dylan Matt's ballistics reports (USAO-084021–33 and USAO-084034–78) produced March 12, 2024. Defendant's objection now to allowing several experts the opportunity to respond to reports she disclosed in August of this year ignores the far greater amount of time she has had with Government's expert reports.

As to the defendant's second argument, the claim that the Government's expert is somehow not relevant, inadmissible, or outside the scope of their expert report is misplaced. Defense expert Dr. Zito has opined that Ms. Perkins suffered from posttraumatic stress disorder, and then uses that diagnosis to explain Perkins' behaviors leading up to and at the time of the

alleged act, going so far as to conclude that she acted reasonably in shooting the victim in self-defense.  (Report of Dr. Zito, Page 25).  Given that opinion, the defense has put Chelsea Perkins' mental health squarely at the heart of this case.  The Government should be free to rebut that opinion in a way it sees fit and by what tests it deems the most effective and reliable to accomplish that purpose.

Defense claims that "any testing or evaluation conducted by a Government expert to rebut Dr. Zito's report must be limited to the testing and evaluation conducted by Dr. Zito."  In making such a claim defense cites to *United States v. Taylor*, 320 F. Supp. 2d 790, 794 (N.D. Ind. 2004).  In *Taylor,* the defendant, Deon Thomas intended to introduce expert mental health evidence as it related to his substance abuse.  *Id.* at *10.  In response, the Government noticed its intent to introduce experts to test the defendant for personality disorders rather than mental health conditions related to substance abuse.  *Id.* at *11.  The Court in *Taylor* took issue with the reliability of one of the tests but allowed the Government to utilize the other tests, to the extent they contained testing related to substance abuse.  *Id.* In *Taylor,* the court did not find the Government had to conduct parallel testing.

The Government would agree that its experts are limited to rebutting the topics within the scope of Defendant's expert report.  The Government is entitled, however, to meaningful rebuttal of defense experts' findings and opinions using whatever tests it deems appropriate relating to the Defendant's mental health issues.  Limiting the battery of tests those precisely utilized by the defense expert would encroach too far into matters of an expert's professional discretion.  *United States v. Thompson*, 2022 U.S. Dis. LEXIS 54934, at *9-10 (W.D. Wash. 2022).  The Government is permitted to administer any tests or questions they deem necessary to form an expert opinion as long as it is within the scope of their rebuttal.  *Id.* at *10 (citing *United States v.*

3

*Taylor*, 320 F. Supp. 2d 790, 794 (N.D. Ind. 2004)). The Government contends that both its experts, Dr. Saathoff and Dr. Bender, are being utilized to rebut Defendant's claims regarding PTSD and malingering.

Dr. Zito has diagnosed Defendant with PTSD and reported that her tests did not show malingering. Dr. David Bender is trained in both forensic psychology and neuropsychology. He is qualified to perform the same tests as Dr. Zito, but also has the ability if necessary to conduct neuropsychological testing. Dr. Bender will conduct his own forensic psychological testing of Defendant and review the findings and conclusions of Dr. Zito. Dr. Bender is also an expert in malingering detection. He will conduct his own tests to detect malingering and evaluate the findings by Dr. Zito. Dr. Bender could potentially use his training in neuropsychology to assist in determining whether Defendant is malingering.

Dr. Gregory Saathoff if a forensic psychiatrist who specializes in the diagnosis and treatment of PTSD. He is familiar with the behavior manifestations of PTSD through his extensive work with people suffering from PTSD who have committed criminal offenses. Dr. Saathoff can use Dr. Bender's findings as one of the tools in assessing Defendant and in evaluating Dr. Zito's diagnosis and findings relating to Defendant's behaviors as typical of someone suffering from PTSD.

Both Dr. Bender and Dr. Saathoff are necessary for meaningful rebuttal of defense expert. Both need additional reasonable time to review the extensive materials in this case and conduct the required testing. As such, the Government is respectfully asking for an extension of the expert report deadline and continuation of trial.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By: /s/ Scott Zarzycki
Scott Zarzycki (OH: 0072609)
Margaret A. Kane (OH: 0082804)
Adam J. Joines (OH: 0094021)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3929
(216) 522-7358 (facsimile)
Adam.Joines@usdoj.gov
