IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 1:21-CR-869 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| | : | |
| CHELSEA PERKINS, | : | **DEFENDANT CHELSEA** |
| | : | **PERKINS' RESPONSE TO** |
| Defendant. | : | **GOVERNMENT'S MOTION IN** |
| | : | **LIMINE TO EXCLUDE CHARACTER** |
| | : | **EVIDENCE VIA SPECIFIC INSTANCE** |
| | : | **EVIDENCE (R. 157)** |

Because Chelsea Perkins intends to introduce specific instance evidence to demonstrate that Matthew Dunmire was the initial aggressor, the Court should deny the government's motion to exclude any specific instance evidence. The government asks the Court to exclude any evidence of specific instances as character evidence, arguing that Matthew Dunmire's character is not an essential element of any charge or defense in this case. This argument is incorrect, because Ms. Perkins is offering this relevant, probative evidence for a permissible purpose.

**I.  Dunmire's history of violence is an essential element of Ms. Perkin's self-defense claim.**

Dunmire's previous actions are related to an essential element of Ms. Perkin's self-defense claim. The government defines the essential elements of self-defense, including that "the defendant had reasonable grounds to believe and an honest belief that he/she was in imminent danger of death or great bodily harm." (R. 157: Mtn to Exclude Specific Instances, p. 3). Ms. Perkins intends to use specific instance evidence of Dunmire's history of violence towards women to demonstrate

that she had reasonable grounds to believe and an honest belief that she was in danger on March 6, 2021.

## II. Ms. Perkins had knowledge of Dunmire's prior acts and will submit evidence of these acts for a permissible purpose under Federal Rule of Evidence 404.

Generally, evidence of specific instances of prior conduct may not be admitted. But there are two exceptions to this rule. Specific instance evidence may be admitted when: (1) the defendant knows of prior violent acts and admits the evidence to show the defendant's fear or the reasonableness of the defendant's actions under FED. R. EVID. 404(a)(2)(B); or (2) to show the defendant's state of mind under FED. R. EVID. 404(b)(2).

When seated on that log on March 6, 2021, Ms. Perkins had personal knowledge of specific instances of Dunmire's history of violence against women. (*See* R. 159, p. 2-3). The government concedes that prior act evidence is admissible if the defendant had knowledge of the acts at the time of the offense. (R. 157: Mtn to Exclude Specific Instances, p. 7). Ms. Perkins intends to show that she was aware of Dunmire's prior acts. Therefore, as the government concedes, these acts are admissible.

The government relies on two easily distinguishable cases to argue that the Court should exclude specific instance evidence. The government first directs the Court to *United States v. Gregg*. 451 F.3d 930, 934 (8th Cir. 2006). In that case, Gregg's counsel notified the court, in response to the government's motion in limine, that he did not intend to introduce specific acts evidence. *Id.* The court granted the motion in limine, allowing Gregg to introduce reputation evidence about the alleged victim's character. *Id.* While Gregg did not intend to offer evidence of specific acts, the court nevertheless explicitly stated that "specific acts . . . may be admissible under Rule 404(b) to prove a defendant's state of mind." *Id.* at 935 (8th Cir. 2006). The court also noted that specific instance evidence is "admissible to the extent a defendant establishes knowledge of

such prior violent conduct at the time of the conduct underlying the offense charged." *Id*. Ms. Perkins can satisfy this standard.

The government then directs the Court to *United States v. Keiser*. 57 F.3d 847 (9th Cir. 1995). Keiser sought to admit evidence of an incident that occurred during trial, not before the alleged offense. *Id.* at 849–50 (describing the incident that occurred outside the courtroom during trial). Because it occurred during trial, the incident could not have impacted Kesier's state of mind or the reasonableness of Keiser's actions at the time of the offense.

Because the cases that the government cites are distinct from this case, the Court should find that Dunmire's prior acts are admissible.

### III. This Circuit's precedent allows admission of Dunmire's prior bad acts.

Even if Ms. Perkins was unaware of the acts, the evidence is admissible as evidence that Dunmire was the initial aggressor. In this circuit, evidence of other acts is probative if "(1) the evidence is offered for an admissible purpose, (2), the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. LaVictor*, 848 F.3d 428, 446 (6th Cir. 2017); (*see also* R. 159, p. 5 (describing *LaVictor*)).

In this case, Ms. Perkins intends to admit testimony of Dunmire's sexual abuse and history of violence. This evidence is offered to show Dunmire's intent, and whether Ms. Perkins held an honest belief of fear and reasonably believed that fear, on March 6, 2021. Furthermore, evidence of Dunmire's prior acts impact whether he may have acted with this intent at the time of the alleged offense.

3

**IV.  Specific instance evidence of Dunmire's prior acts comports with Rules 403 and 401.**

All evidence must satisfy Federal Rules of Evidence 401 and 403 to be admitted. Rule 401 determines whether evidence is relevant. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . is of consequence in determining the action." FED. R. EVID. 401. Other district courts in this circuit have found evidence of violent acts or reputation to be relevant to show a defendant's state of mind given a self-defense claim. *Allen v. Howes*, 599 F. Supp. 2d. 857, 872 (E.D. Mich. 2008) (finding that evidence of "violent acts or reputation would be relevant to show a state of mind consistent with self-defense" in determining whether exclusion of evidence violated right to present defense). Here, the evidence sought impacts the probability that Ms. Perkins believed she was being assaulted and whether she reacted in self-defense as a result. That determination goes directly to the heart of Ms. Perkins's self-defense claim.

Rule 403 allows courts to exclude evidence if its probative value is substantially outweighed by unfair prejudice, confusion of issues, misleading of the jury, undue delay, wasting time, or needlessly cumulative evidence. Courts within this circuit, when determining whether evidence is unfairly prejudicial, examines whether the testimony is "extensive, graphic, or detailed" and whether it is likely that the "testimony could . . . inflame[] the jurors' passions and motivate[] them to convict [or acquit] on an improper basis." *United States v. Mandoka*, 869 F.3d 448, 459 (6th Cir. 2017). The Court should also consider whether it can provide a limiting instruction to prevent the jury from using the evidence improperly. *Id.*

The evidence is highly probative. It is not extensive, graphic, or detailed. Nor will it lead the jurors to convict or acquit on an improper basis. It will not confuse the issues, mislead the jury, cause undue delay, or waste time. Neither will it needlessly present cumulative evidence.

4

Furthermore, it will not unfairly prejudice the government. Federal Rules of Evidence 404(a)(2)(B), (C) expressly allow the government to rebut any evidence offered by Ms. Perkins, and a limiting instruction can inform the jury of the proper use of the evidence. *See LaVictor,* 848 F.3d at 448.

## V. Conclusion

Ms. Perkins intends to admit evidence of Dunmire's prior bad acts, according to the requirements and exceptions within Federal Rules of Evidence 405 and 404. Because this relevant, highly probative evidence is being offered to show Dunmire's intent, the Court should deny the government's motion to exclude this evidence.

Respectfully submitted,

*/s/ Stephen C. Newman*
STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928
*/s/ Catherine Adinaro Shusky*
CATHERINE ADINARO SHUSKY
Attorney at Law
Ohio Bar: 0088731
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
Phone: (216) 522-4856 Fax: (216) 522-4321
E-mail: stephen_newman@fd.org
E-mail: cathi_shusky@fd.org

*/s/ Alvaro L. DeCola*
ALVARO L. DeCOLA
Assistant Federal Public Defender
Ohio Bar: 0087656
50 S. Main Street, Ste. 700
Akron, OH 44308
Phone: 330-375-5739 Fax: 330-375-5738
E-mail: alvaro_decola@fd.org

*/s/ Abigail Akrong*
ABIGAIL AKRONG
Attorney at Law

                    Kentucky Bar: 100451
                    10 East Commerce Street, Suite 230
                    Youngstown, OH 44503
                    Phone: (330) 746-6399
                    E-mail: Abigail_akrong@fd.org